# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARON LEON WELCH, | 1:05-cv-00251-AWI-TAG HC |
| Petitioner, | ORDER TO AMEND PETITION (Doc. 1) |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |
| BRAD ESPINOZA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on February 22, 2005. (Doc. 1). The Petition purports to raise two grounds for relief, both related to the trial court's modification of CALJIC 17.20 and subsequent instructing of the jury with the modified instruction. (Id.).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules governing § 2254 Cases.

A federal court may only grant a petition for writ of habeas corpus if a petitioner can

show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a).  A petition for writ of habeas corpus must therefore specify the grounds for relief.  Rule 2(c) of the Rules Governing Section 2254 Cases.  The petition must also allege the facts surrounding the petitioner's incarceration.  28 U.S.C. § 2242.  The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true.  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir. 1989).

In addition, a petition presented in *pro se* must be upon the form approved by the court. Rule 2 of the Rules Governing § 2254 Cases; Local Rule 81-190.  This rule ensures that all information needed is before the court.  Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief.  If a petition contains no grounds entitling the petitioner to habeas corpus relief, the court must dismiss the petition.  Rule 4 of the Rules Governing § 2254 Cases.

A petitioner may submit attachments or exhibits to the petition; however, **the form itself must be completed in its entirety**.  The Court stresses the impropriety of filing a petition that simply makes reference to an attachment containing a numerous pages.  This type of filing requires the Court to expend a significant amount of time attempting to determine what Petitioner's claims are and whether he provides sufficient facts to support them.  Such information can be provided in a brief manner by completing the form petition and submitting a short brief in support of the Petition.  ***A blank petition containing only a reference to the attached materials, however, is insufficient***.

Should the space provided on the form be inadequate to list more than four claims, a petitioner should clearly list the claims on a separate sheet of paper and submit it with the petition.  However, the Court will not accept a simple reference to a lengthy attachment of many pages as adequate to state a petitioner's claims and supporting facts.  It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with Petitioner.[1]  Also, the proper use of the form petition results in administrative convenience of

---

[1] Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

benefit to both the petitioner and the Court.

Here, Petitioner has filed a form petition that is incomplete. The form petition, as filed, contains only pages 2 and 4. Pages 3, 5, 6, and 7 were not filed with the Petition. These omitted pages are necessary for this Court to consider Petitioner's claims. Page 3 contains important information regarding Petitioner's efforts to appeal his conviction and exhaust his claims in state courts. Pages 5 and 6 are where Petitioner must list the claims he is asserting; page 7 contains further information and is where Petitioner must provide his signature under penalty of perjury. As the Petition presently stands, it contains no claims and is not signed under penalty of perjury. Without this information, the Court cannot proceed to the merits of the Petition. Thus, Petitioner must resubmit the form petition once it has been completely filled out as stated on the form.

Accordingly, it is HEREBY ORDERED:

1. Petitioner SHALL AMEND THE PETITION by filling out the form petition **in its entirety** within thirty (30) days of the date of service of this order. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original **signed under penalty of perjury**. Petitioner should also note that every pleading to which an amendment is permitted **must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading**. Local Rule 15-220.

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal prisoners filing pursuant to § 2254.

Petitioner is forewarned that his failure to comply with this order may result in a recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   May 12, 2005**             /s/ Theresa A. Goldner
j6eb3d                                 UNITED STATES MAGISTRATE JUDGE